David Y. Choi (State Bar No. 263917)
davidc@lyfe.com
Troy M. Mueller (State Bar No. 284535)
troym@lyfe.com
LYFE LAW, LLP
864 S. Robertson Blvd., 3rd Floor
Los Angeles, CA 90035
Telephone: (888) 203-1422
Facsimile: (888) 203-1424

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELISSA RANDAZZO, an individual, DAVID ONTIVEROS, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ZURICH AMERICAN INSURANCE COMPANY, a New York corporation, THE CONTINENTAL INSURANCE COMPANY, a Pennsylvania corporation, and DOES 1 – 20, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>1. **QUASI – CONTRACT;**<br>2. **BREACH OF IMPLIED-IN-FACT CONTRACT;**<br>3. **COMMON COUNT OF GOODS AND SERVICES RENDERED;**<br>4. **VIOLATIONS OF UNFAIR COMPETITION LAWS;**<br>5. **INDUCING BREACH OF CONTRACT;**<br>6. **INTERFERENCE WITH CONTRACT;**<br>7. **INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**<br>8. **CONVERSION; and**<br>9. **BREACH OF CONTRACT**<br><br>[Jury Trial Demanded] |

## NATURE OF THE ACTION

1. Plaintiffs Melissa Randazzo ("**Randazzo**") and David Ontiveros ("**Ontiveros**" and, together with Randazzo, "**Plaintiffs**") bring this action against insurance companies, Zurich American Insurance Company ("**Zurich**") and The Continental Insurance Company ("**Continental**" and, together with Zurich, the "**Insurers**") because Insurers refuse to issue a settlement payment to Plaintiffs despite the fact that: (a) the settlement agreement was fully executed by the Insurers' insureds and Plaintiffs, whereby Plaintiffs agreed to release claims relating to an underlying personal injury lawsuit involving a traumatic brain injury that occurred at a Red Lobster restaurant, in exchange for a settlement payment of $1,250,000; (b) Insurers approved of and consented to the terms of the settlement agreement prior to its execution; and (c) Plaintiffs fully performed their obligations under the settlement agreement including, but not limited to, execution of a release in favor of Insurers and their insureds. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## PARTIES

2. Randazzo was and is, at all times material hereto, an individual residing in the State of California, County of Los Angeles.

3. Ontiveros was and is, at all times material hereto, an individual residing in the State of California, County of Los Angeles.

4. Plaintiffs are informed and believe, and on that basis allege that, at all times material hereto, Zurich was and is a New York corporation doing business in the County of Los Angeles, State of California.

5. Plaintiffs are informed and believe, and on that basis allege that, at all times material hereto, Continental was and is a Pennsylvania corporation doing business in the County of Los Angeles, State of California.

6. The true names and capacities of Defendants sued herein as DOES 1 through 20, inclusive, are unknown and are therefore sued by such fictitious names.

Plaintiffs allege that each fictitiously named Defendant acted or failed to act in a manner that was intentional or in a manner which rendered such fictitiously named Defendant responsible for the injuries suffered by Plaintiffs as alleged herein. Plaintiffs will seek leave of this Court to amend this Complaint to set forth their respective true names and capacities when ascertained.

7. Plaintiffs are informed and believe, and on that basis allege, that at all times relevant hereto, each Defendant was and is the owner, agent, representative, partner, co-conspirator, aider and abettor, employee and/or employer of each of other Defendant, and in doing the acts hereinafter mentioned, each Defendant was acting within the course and scope of such employment, authority, or relationship and with the permission and consent of each other Defendant, such that the acts of each Defendant is properly attributable to each other Defendant. The conduct of each Defendant was a substantial factor in causing damages to Plaintiffs.

8. Plaintiffs are informed and believe, and on that basis allege, at all times relevant hereto, each Defendant was and is the alter ego of each other Defendant, and there exists, and at all times herein mentioned has existed, a unity of interest and ownership between the Defendants such that any separateness between them has ceased to exist in that each Defendant has completely controlled, dominated, managed, and operated the business and affairs of each other Defendant including any and all of their affiliates; commingled the funds and assets of the corporate entities, and diverted corporate funds and assets for their own personal use; disregarded legal formalities and failed to maintain arm's length relationships among the corporate entities; inadequately capitalized each entity Defendant; used the same office or business location and employed the same or similar employees for all the corporate entities; held themselves out as individuals personally liable for the debts of the corporate entities; used the corporate entities as mere shells, instrumentalities or conduits for themselves and/or their individual businesses; used the corporate entities to procure labor, services, or merchandise for another person or entities; manipulated

the assets and liabilities between the corporate entities so as to concentrate the assets in one and the liabilities in another; used corporate entities to conceal their ownership, management and financial interests and/or personal business activities; and/or used the corporate entities to shield against personal obligations, and, in particular, the obligations as alleged in this Complaint.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has supplemental jurisdiction over the state and common law claims pleaded herein pursuant to 28 U.S.C. section 1367(a) because these claims are so related to the claims over which this Court has original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper in the Central District of California pursuant to 28 U.S.C. section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the County of Los Angeles.

## GENERAL ALLEGATIONS

### The Settled Lawsuit

12. On November 3, 2021, Plaintiffs filed a civil lawsuit in the Superior Court of California, County of Los Angeles (the "**Lawsuit**"), against defendants RFP Red Lobster, LLC, Red Lobster Hospitality, LLC Red Lobster Management, LLC and Terry Bainbridge (collectively, "**Red Lobster**").

13. The Lawsuit alleged that, on January 26, 2020, an employee(s) of Red Lobster caused a large tray to violently strike Plaintiff Melissa Randazzo ("**Randazzo**") in the head. Randazzo suffered traumatic brain injury and injuries to

her neck and back, incurring in excess of $641,000 in medical expenses as a result of the incident.

14. The litigation, which lasted approximately three (3) years, was contentious.

15. Plaintiffs are informed and believe, and on that basis allege, that, in connection with the Lawsuit, Red Lobster was the insured under a commercial general liability policy and/or other policy(ies) issued by Zurich and/or Continental (collectively, the "**Policy**"), (b) Red Lobster tendered its defense and indemnity in connection with the Lawsuit to Insurers under the Policy, and (c) Insurers accepted the tender and appointed defense counsel to represent Red Lobster in the Lawsuit.

16. Plaintiffs are informed and believe, and on that basis allege, that Red Lobster and/or its defense counsel regularly apprised the Insurers of all developments in the Lawsuit, and Insurers materially participated in mounting Red Lobster's defense in the Lawsuit.

Binding Settlement Agreement

17. On May 2, 2024, the parties to the Lawsuit participated in a private mediation with a retired judge in Los Angeles. With the assistance of the mediator, the parties settled the Lawsuit pursuant to the terms of a written settlement agreement (the "**Settlement Agreement**") which was executed on May 10, 2024 by all parties to the Lawsuit.

18. Pursuant to the express terms of the Settlement Agreement:

    a. Plaintiffs would execute a separate "long form" release – prepared and drafted by defense counsel – pursuant to which Plaintiffs would fully and forever release Red Lobster and its insurers against all claims relating to the Lawsuit, and waive application of California Civil Code Section 1542 (the "**Release**");

     b.     Payment of $1,250,000 (the "**Settlement Amount**") would be made to Plaintiff within thirty (30) days after execution of the Release; and

     c.     Plaintiffs would file a notice of settlement on or before May 17, 2024.

19.    Plaintiffs are informed and believe, and on that basis allege, that Insurers, either directly or via their agents, representatives and/or proxies: (a) attended and participated in the mediation, and (b) consented to and approved of the Settlement Agreement and agreed to make payment of $1,250,000 to Plaintiffs, in exchange for a release of claims in favor of Red Lobster and Insurers.

20.    Shortly thereafter, Red Lobster's counsel transmitted a four (4) page draft of the Release to Plaintiffs' counsel, which states, in relevant part:

> *"Plaintiffs MELISSA RANDAZZO and DAVID ONTIVEROS, on behalf of themselves, their heirs, executors, administrators and assigns, hereby fully releases and forever discharges Defendants, RED LOBSTER HOSPITALITY, LLC, ZURICH AMERICAN INSURANCE COMPANY, THE CONTINENTAL INSURANCE COMPANY, TERRY BAINBRIDGE, and all defendants, their agents representatives, employees, successors and predecessors in interest, insurance carriers, attorneys, and all other persons and associations, known or unknown from any claims, demands, actions or causes of action, known or unknown, by reason of any personal injuries and/or property damages and/or any other damages of any kind or nature whatsoever which have been sustained, or may be sustained as a result of the incident which occurred on or about January 26, 2020 but not limited to, all claims for damages specified in the [Lawsuit].*

> ...
>
> *The undersigned certifies that they have read <u>Section 1542</u> of the <u>Civil Code of the State of California</u>, which section reads as follows:*
>
> > *'A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party'*
>
> ...
>
> *The undersigned hereby waives application of Section 1542 of the Civil Code."*

21.   On or about May 17, 2024, in full performance of their obligations under the Settlement Agreement, Plaintiffs: (a) executed the Release and transmitted a copy to Red Lobster's counsel, and (b) filed a notice of settlement in the Lawsuit.

<u>Bankruptcy of Red Lobster</u>

22.   On May 19, 2024 – two days after Plaintiffs executed the Release – Red Lobster filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (the "**Bankruptcy Action**"). The filing of the Bankruptcy Action automatically stayed the Lawsuit as of May 19, 2024.

23.   Plaintiffs are informed and believe, and on that basis allege, that, prior to execution of the Settlement Agreement and/or Release, Red Lobster and/or Insurers were aware of or had reason to believe that it was likely that Red Lobster would file the Bankruptcy Action. On the other hand, Plaintiffs were unaware, prior to the filing of the Bankruptcy Action, that Red Lobster was considering and/or intending to file for bankruptcy. At no point in time prior to the filing of the Bankruptcy Action, did

Red Lobster or Insurers notify Plaintiffs that Red Lobster was considering or intending to file the Bankruptcy Action.

24. In or about September 2024, the bankruptcy court approved Red Lobster's bankruptcy plan and Red Lobster exited bankruptcy. The bankruptcy court, in its "Findings of Fact, Conclusions of Law and Order" confirmed that "[n]either the automatic stay nor the injunctions set forth in Article VIII.A of the Plan shall prohibit Melissa Randazzo or David Ontiveros from pursuing a direct action claim against any insurer."

25. During the bankruptcy, Plaintiffs requested Zurich to pay the Settlement Amount to Plaintiffs pursuant to the Settlement Agreement. Zurich refused.

26. Plaintiffs are informed and believe, and on that basis allege, that Defendants concocted a scheme to secure Plaintiffs' signatures to the Release with no intention of paying for the Release.

27. To date, Plaintiffs have not received any portion of the Settlement Amount.

### Punitive Damages

28. Punitive damages should be awarded. There is no good reason why Defendants refused to fund any portion of the Settlement Amount. Defendants approved of the Settlement Agreement, agreed to fund the Settlement Amount, and received valuable benefits under the Release. Plaintiffs are informed and believe, and on that basis allege, that no applicable law has relieved either Insurer from funding the Settlement Amount, or a substantial portion thereof. Indeed, Defendants' actions was willful, wanton, fraudulent, and/or malicious, entitling Plaintiffs to an award of punitive damages against each Defendant.

29. Each of the following claims for relief are pleaded in the alternative as to any other claim for relief that may be mutually exclusive.

/ / /

/ / /

**FIRST CLAIM FOR RELIEF**

**QUASI-CONTRACT**

**(Against All Defendants)**

30. Plaintiffs restate and incorporate herein by this reference each of the preceding paragraphs as if fully set forth herein. This claim is pleaded in the alternative to the second claim for relief of breach of implied-in-fact contract.

31. Defendants received the benefits set forth in the Settlement Agreement and Release, including, but not limited to, Plaintiffs' release of claims relating to the Lawsuit in favor of the Insurers and their insured, Red Lobster.

32. Defendants were unjustly enriched because Defendants refused to make payment of the Settlement Amount, or any portion thereof, to Plaintiffs.

**SECOND CLAIM FOR RELIEF**

**BREACH OF IMPLIED-IN-FACT CONTRACT**

**(Against All Defendants)**

33. Plaintiff restates and incorporates herein by this reference each of the preceding paragraphs as if fully set forth herein, except for the paragraphs set forth in the first claim for relief for quasi-contract. This claim is pleaded in the alternative to the first claim for relief for quasi-contract.

34. Contracts may be express or implied. "An implied-in-fact contract is based on the conduct of the parties." *Unilab Corp. v. Angeles-IPA* (2016) 244 Cal.App.4th 622, 636.

35. There was an implied-in-fact contract between Plaintiffs and Insurers, namely, that Insurers would fund the Settlement Amount, or a substantial portion thereof, after Plaintiffs executed the Settlement Agreement and Release, which expressly released Insurers and their insured (Red Lobster) from all claims relating to the Lawsuit.

36. Plaintiffs are informed and believe, and on that basis allege, that: (a) Red Lobster and/or its defense counsel sought and secured approval from Insurers to enter

into the Settlement Agreement and Release, (b) Insurers consented to and/or approved of the terms of the Settlement Agreement and Release and (c) Insurers received and accepted the benefits of the release of claims pursuant to the Release.

37.  Plaintiffs are informed and believe, and on that basis allege, that Insurers breached the implied-in-fact contract by, amongst other things, failing to make payment of any portion of the Settlement Amount. Insurers' breach violates the implied covenant of good faith and fair dealing, amongst other terms.

38.  Plaintiffs are informed and believe, and on that basis allege, that none of Insurers' duties owed to Plaintiffs were excused.

39.  Plaintiffs are informed and believe, and on that basis allege, that Plaintiffs performed all of Plaintiffs' obligations in connection with the Settlement Agreement and Release.

40.  Plaintiffs are informed and believe, and on that basis allege, that, as a result of the breaches of the implied-in-fact contract, Plaintiffs have suffered injury and/or damages.

## THIRD CLAIM FOR RELIEF

### COMMON COUNT OF GOOD AND SERVICES RENDERED

**(Against All Defendants)**

41.  Plaintiffs restate and incorporate herein by this reference each of the preceding paragraphs as if fully set forth herein.

42.  Plaintiffs are informed and believe, and on that basis allege, that Insurers requested, by words or conduct, that Plaintiffs agree to execute the Release in favor of Insurers and their insured, Red Lobster, for the benefit of Insurers.

43.  Plaintiffs executed the Release and released all claims against Insurers and Red Lobster.

44.  Red Lobster and Insurers, however, never paid any portion for the Release, the reasonable value of which was $1,250,000 as evidenced by the terms of the Settlement Agreement.

## FOURTH CLAIM FOR RELIEF

## VIOLATION OF UNFAIR COMPETITION LAWS

### (Against All Defendants)

45. Plaintiffs restate and incorporate herein by this reference each of the preceding paragraphs as if fully set forth herein.

46. California Business and Professions Code Sections 17200 et seq. ("**UCL**") prohibits any unlawful, unfair or fraudulent business act or practice, any unfair or deceptive, untrue or misleading advertising, and any violation of Business and Professions Code Sections 17500 et seq.

47. Defendants violated UCL by engaging in unlawful, unfair and fraudulent business acts or practices, including, but not limited to, refusing to make the Settlement Amount despite having: (a) previously consented to and/or approved of the Settlement Agreement and Settlement Amount to Plaintiff, and (b) received the benefits under the Release.

## FIFTH CLAIM FOR RELIEF

## INDUCING BREACH OF CONTRACT

### (Against All Defendants)

48. Plaintiffs restate and incorporate herein by this reference each of the preceding paragraphs as if fully set forth herein.

49. The Settlement Agreement is a binding contract.

50. Defendants intended to cause Red Lobster to breach the Settlement Agreement.

51. Defendants' conduct caused Red Lobster to breach the Settlement Agreement.

52. Plaintiffs were harmed as a result of Defendants' actions and inactions.

53. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

/ / /

/ / /

## SIXTH CLAIM FOR RELIEF

## INTERFERENCE WITH CONTRACT

### (Against All Defendants)

54. Plaintiffs restate and incorporate herein by this reference each of the preceding paragraphs as if fully set forth herein.

55. The Settlement Agreement is a binding contract.

56. Defendants' conduct, of refusing to make the Settlement Amount to Plaintiff, has prevented full performance of the Settlement Agreement.

57. Plaintiffs are informed and believe, and on that basis allege, that Defendants intended to disrupt the performance of the Settlement Agreement or knew, or should have known, that disruption of performance was certain or substantially certain to occur.

58. Plaintiffs were harmed by the conduct of Defendants.

59. Defendants' conduct was a substantial factor in causing Plaintiffs' harm.

## SEVENTH CLAIM FOR RELIEF

## INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS

### (Against All Defendants)

60. Plaintiffs restate and incorporate herein by this reference each of the preceding paragraphs as if fully set forth herein.

61. Plaintiffs and Red Lobster were in an economic relationship that would have resulted in an economic benefit to Plaintiffs pursuant to the terms of the Settlement Agreement and Release.

62. Defendants were aware of the economic relationship.

63. Defendants wrongfully refused to make payment of the Settlement Amount, or any portion thereof.

64. Defendants intended to disrupt the economic relationship between Plaintiffs and Red Lobster and/or should have known that this relationship would be disrupted if Defendants failed to act with reasonable care.

65. Defendants failed to act with reasonable care.

66. Defendants' relationship with Red Lobster was materially disrupted.

67. Plaintiffs were harmed by the conduct of Defendants.

68. Defendants' conduct was a substantial factor in causing Plaintiffs harm.

### EIGHTH CLAIM FOR RELIEF

### CONVERSION

### (Against All Defendants)

69. Plaintiffs restate and incorporate herein by this reference each of the preceding paragraphs as if fully set forth herein.

70. Plaintiffs are the rightful owners of the Settlement Amount, and all portions thereof.

71. Defendants wrongfully retained possession of the Settlement Amount and/or portions thereof.

72. Despite Plaintiffs' demands for payment of the Settlement Amount, Defendants have failed and/or refused to do so.

73. As a direct and proximate result of Defendants' wrongful actions, Plaintiffs have suffered damages in an amount to be proven at trial.

### NINTH CLAIM FOR RELIEF

### BREACH OF CONTRACT

### (Against All Defendants)

74. Plaintiff restates and incorporates herein by this reference each of the preceding paragraphs as if fully set forth herein, except for the paragraphs set forth in the first claim for relief for quasi-contract.

75. Plaintiffs are informed and believe, and on that basis allege, that Zurich and Red Lobster entered into an agreement whereby Red Lobster agreed to fund the Settlement Amount, or a substantial portion thereof (the "**Zurich Funding Agreement**"), within thirty (30) days of execution of the Release. Plaintiffs are

informed and believe, and on that basis allege, that the Zurich Funding Agreement is a valid and enforceable contract.

76. Plaintiffs are informed and believe, and on that basis allege, that Continental and Red Lobster entered into an agreement whereby Red Lobster agreed to fund the Settlement Amount, or a substantial portion thereof (the "**Continental Funding Agreement**" and, together with the Zurich Funding Agreement, the "**Funding Agreements**"), within thirty (30) days of execution of the Release. Plaintiffs are informed and believe, and on that basis allege, that the Continental Funding Agreement is a valid and enforceable contract.

77. Plaintiffs are currently unclear as to whether the Funding Agreements is in writing, oral, or otherwise.

78. Plaintiffs are informed and believe, and on that basis allege, that Plaintiffs, as the payees, were the intended third-party beneficiaries of the Funding Agreements.

79. Plaintiffs are informed and believe, and on that basis allege, that Insurers breached the Funding Agreements by, amongst other things, failing to pay any portion of the Settlement Amount.

80. Plaintiffs are informed and believe, and on that basis allege, that none of Insurers' duties under the Funding Agreements was excused.

81. Plaintiffs are informed and believe, and on that basis allege, that Red Lobster performed all of its obligations in connection with the Funding Agreements.

82. Plaintiffs are informed and believe, and on that basis allege, that as a result of Defendants' breaches of the Funding Agreements, Plaintiffs have suffered injury and/or damages.

/ / /

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, based on Defendants' conduct complained of, herein, Plaintiff requests this Court, to the extent permitted by applicable laws, for:

A. an order in favor of Plaintiff for each cause of action asserted herein;

B. compensatory damages according to proof;

C. general and special damages according to proof;

D. punitive damages according to proof;

E. restitution;

F. injunctive relief;

G. constructive trust;

H. pre-judgment interest;

I. costs of suit; and

J. declaratory relief as it relates to the following rights and duties:

    i. Zurich is required to make payment of the Settlement Amount, or a substantial portion thereof, to Plaintiffs pursuant to law and/or equity,

    ii. Zurich has been unjustly enriched by its receipt of the executed Release without having paid any portion of the Settlement Amount to Plaintiffs,

    iii. Continental is required to make payment of the Settlement Amount, or a substantial portion thereof, to Plaintiffs pursuant to law and/or equity,

    iv. Continental has been unjustly enriched by its receipt of the executed Release without having paid any portion of the Settlement Amount to Plaintiffs,

    v. Randazzo is a third-party beneficiary to the Zurich Funding Agreement,

|   |   |   |
|---|---|---|
| | vi. | Randazzo is a third-party beneficiary to the Continental Funding Agreement, |
| | vii. | Ontiveros is a third-party beneficiary to the Zurich Funding Agreement, |
| | viii. | Ontiveros is a third-party beneficiary to the Continental Funding Agreement; and |
| K. | | such further relief as this Court may deem just, equitable and/or proper. |

Dated:   July 9, 2025         LYFE LAW, LLP

                    By:   /s/ David Y. Choi
                          David Y. Choi
                          Troy M. Mueller
                          Attorneys for Plaintiffs
                          MELISSA RANDAZZO and
                          DAVID ONTIVEROS